Follett, J.
(dissenting).—The important question of fact litigated before the jury was, whether the deed was founded on a valuable consideration or whether it was a gift. The consideration recited was $3,000. Horatio S. Porter, who drafted the deed and took and certified the acknowledgment, was permitted to testify, over defendant’s objection and exception: “ A. I said like this: I understood the old gentleman owed Ellis for money that was put into this house, six to twelve hundred dollars, and the principal and interest would amount to the $3,000 at the time from the time the house was built.” The evident purpose of the plaintiff in introducing this evidence was to induce the jury to believe that the deed was executed on a consideration. It being evidence of a conversation had when the deed was drafted, and coming from the magistrate who drafted it and being received under the sanction of the court, it could hardly have failed to have influenced the jury upon the issue. The incompetency of the evidence does not seem to be debatable. “ This was not said in the presence of David Jennings; I could not say whether his wife was present or not.” “ I do not say that there was any one present at the time except the doctor, that is, of the family; Silas Jones was there; I do not know whether prior to the execution of the deed either the deceased or the defendant knew what the consideration expressed in the deed was.” This witness had previously testified that no money was passed, no talk had about buying the farm, and that the deed was not read to or by the grantors before execution, and there is no evidence that it was read after execution. The objection to this evidence was specific, and pointed out the precise reason why it was incompetent.
For this error, the judgment should be reversed and a new trial granted, with costs to abide the event.